IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRAIG HENRY, ) | |
| ) | Civil Action No. 06 - 1439 |
| Plaintiff, ) | |
| ) | Judge David S. Cercone / |
| v. ) | Magistrate Judge Lisa Pupo Lenihan |
| ) | |
| HARRY E. WILSON, Superintendent; MR. ) | |
| FRED MAUE, Chief Bureau of Health Care ) | |
| Service; JOAN DELIE; CAROL A. SCIRE, ) | |
| Facility Grievance Coordinator; DR. HERBICK, ) | |
| Medical Doctor; ROBERT TRETINIK, Health ) | |
| Care Administrator; MS. LINDA BRUNSON, ) | |
| R.N.; MS. ELLSWORTH, R.N.; MS. SHARAN ) | |
| M. BURKS, Chief Grievance Officer; JOHN ) | |
| DOE; JOHN DOE, Psychiatrist; JOHN DOE, ) | |
| BB-Unit Counselor; JOHN DOE, B-Unit ) | |
| Manager; JANE DOE, Hearing Examiner ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.**        **RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that the Motion to Dismiss filed by Defendant Herbick (doc. no. 17) be denied. It is further recommended that the Motion to Dismiss filed by the Commonwealth Defendants Wilson, Maue, Delie, Scire, Tretinik, Brunson, Ellsworth and Burks (doc. no. 18) be granted as to Defendants Wilson, Scire, Burks, Brunson and Ellsworth and denied as to Defendants Maue, Delie, and Tretinik.

**II.**        **REPORT**

Plaintiff, Craig Henry, is a state prisoner serving a life sentence currently confined at the State Correctional Institution at Fayette, Pennsylvania. He commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, complaining that he has been denied adequate

medical care for his Hepatitis C condition in violation of the Eighth Amendment of the United States Constitution. He brings this action against Dr. Herbick, M.D.; Harry E. Wilson, Superintendent; Fred Maue, Chief of the Bureau of Healthcare Services; Joan Delie, Infectious Disease; Carol A. Scire, Facility Grievance Coordinator; Robert Tretinik, Healthcare Administrator; Linda Brunson, R.N.; Ms. Ellsworth, R.N.; Sharon M. Burks, Chief Grievance Officer of the Pennsylvania Department of Corrections (DOC); and several John Doe Defendants identified as a psychiatrist, a BB Unit Counselor, a B Unit Manager, a hearing examiner and a member of the program review committee (doc. no. 18-2, p. 1).

A. Standard of Review – Motion to Dismiss

As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (May 21, 2007), a complaint must be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The court must accept as true all allegations of the Complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). In addition, a court must employ less stringent standards when considering pro se pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). In a § 1983 action, the court must liberally construe the pro se litigant's pleadings and "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999)). *See also* Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if

their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting Higgins, 293 F.3d at 688 ).

## B. Plaintiff's Allegations

Henry's Complaint alleges the following (doc. no. 18-2, pp. 3-9). He was diagnosed with Hepatitis C in 1992 and has not been referred to a specialist for further evaluation. He claims that on January 21, 2001, after completing treatments, his viral load was 12,000 copies. After he was transferred to SCI-Fayette on December 12, 2003, his viral load had elevated to 1, 627,506 copies. Since that time, he has submitted repeated requests to SCI-Fayette medical personnel complaining of joint and lymphoid pain, nausea, weakness, abnormal gastro problems, altered sleep habits, dry itchy skin, blurred vision and frequent urination. In response to his request, Defendants Brunson, Ellsworth and Tretinick directed him to sign up for sick call. When he went to sick call, he was informed that his symptoms were not signs of advanced liver scarring. Medical staff provided medication for his symptoms. On April 2, 2004, he received an evaluation from Dr. Herbick after he expressed his fear that his life was threatened due to the progression of his disease. Dr. Herbick informed him that he would not be receiving further treatment other than yearly blood liver function tests.

Plaintiff contends that Defendants Brunson and Ellsworth were responsible for arrangement for prisoners with infectious diseases generally and for specialized medical care concerning infectious diseases. On October 3, 2004, Henry filed Grievance No. 95122 indicating that although he had received medications for his symptoms since 2000 his liver scarring continued to progress. He complained that his yearly liver function tests were incapable of predicting the progress of his liver damage and that he needed a liver biopsy. On September 12, 2004, he received

a response to his complaints from Tretinick who falsely stated that his treatments were discontinued due to side effects. Tretinick further stated that were following BHCS protocols even though he had not had a biopsy in twelve years.

Grievance No. 95122 was denied by Defendants Scire and Wilson in a letter dated October 7, 2004. On final appeal he received a letter dated January 14, 2005 that final review would be delayed pending review by the Bureau of Healthcare Services (BHSC). After receiving no response for over a year, on March 26, 2006, Plaintiff wrote to Defendant Maue inquiring about his final review. Defendant Maue has not responded to date.

On December 4, 2005, Henry received a liver biopsy. On January 20, 2006, he received an evaluation from Dr. Herbick who denied further treatment stating that pursuant to the required protocol he could not receive treatments until cirrhosis had occurred. Plaintiff claims that once cirrhosis is present, it will be too late for any treatment.

## C. Liability under 42 U.S.C. § 1983

In order to assert liability pursuant to 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-331 (1986).

Plaintiff takes issue with the alleged lack of adequate medical treatment for his Hepatitis C condition. Plaintiff's claim concerning his medical treatment invokes the protections of the Eighth Amendment. In order to make out a prima facie case that a prison official's actions

violate the Eighth Amendment's prohibition against cruel and unusual punishment, an inmate must show two elements. First, a prisoner must show that the condition, either alone or in combination with other conditions, deprived him of "the minimal civilized measure of life's necessities," or at least a "single, identifiable human need." Wilson v. Seiter, 501 U.S. 294 (1991) (citing Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). Second, an inmate must demonstrate deliberate indifference to prison conditions on the part of prison officials. Farmer v. Brennan, 511 U.S. 825; Wilson, 501 U.S. at 297; Rhodes, 452 U.S. at 347.

To state an Eighth Amendment violation in the context of medical treatment, an inmate must show prove two elements: 1) plaintiff was suffering from a "serious medical need," and 2) prison officials were deliberately indifferent to the serious medical need. Gamble v. Estelle, 439 U.S. 897 (1978). The first showing requires the court to objectively determine whether the medical need was "sufficiently serious." A medical need is "serious" if it is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Gaudreault v. Municipality of Salem, 923 F.2d 203, 208 (1st Cir. 1990), cert. denied, 500 U.S. 956 (1991); Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988).

The second prong requires a court subjectively to determine whether the officials acted with a sufficiently culpable state of mind. Deliberate indifference may be manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, a denial of prescribed medical treatment, or a denial of reasonable requests for treatment that results in suffering or risk of injury. Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993).

Here, Plaintiff claims that he suffers from Hepatitis C. Thus, Plaintiff has alleged the existence of a serious medical need. In addition, Plaintiff has pleaded that Defendants acted with deliberate indifference because they denied medical treatment, *i.e.*, Interferon and other treatments provided under the DOC protocol for treating Hepatitis C. He claims that defendants denied his treatment based on a non-medical reason -- cost (doc. no. 18-2, p.7, ¶ 30). Moreover, he claims that Defendant Herbick has told him that he will not provide Plaintiff any treatment until cirrhosis occurs, which Plaintiff claims is too late.

Taken as true, as this Court must when reviewing a motion to dismiss, the Plaintiff's allegations and the record evidence are sufficient to show that the Defendants may have acted with deliberate indifference. Specifically, Plaintiff alleges that Defendants were on notice that Plaintiff faced a substantial risk of serious harm due to his elevated viral load and disregarded that risk by failing to take reasonable measures to abate it. He further claims that he was receiving treatment before he was transferred but it was discontinued after he was transferred to SCI-Fayette. Thus, Plaintiff has alleged a violation of his rights as protected by the Eighth Amendment.

Notwithstanding, not all Defendants can be liable for failure to provide adequate medical care. In this regard, in order to establish personal liability against a defendant in a section 1983 action, that defendant must have <u>personal</u> involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). Accordingly, individual liability can be imposed under section 1983 only if the state actor played an "affirmative part" in the alleged misconduct. <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988); <u>Chinchello v. Fenton</u>, 805 F.2d 126, 133 (3d Cir. 1986).

With respect to Plaintiff's medical treatment claim, liability can be assessed only against defendants with authority to make treatment decisions concerning Plaintiff's medical care, *i.e.*, the decision whether or not he required additional treatment such as Interferon. *See* Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir.2004) (holding that, absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference). The Defendants alleged to be involved in Plaintiff's claim are as follows: Dr. Herbick, M.D.; Harry E. Wilson, Superintendent; Fred Maue, Chief of the Bureau of Healthcare Services; Joan Delie, Infectious Disease; Carol A. Scire, Facility Grievance Coordinator; Robert Tretinik, Healthcare Administrator; Linda Brunson, R.N.; Ms. Ellsworth, R.N.; and Sharon M. Burks, Chief Grievance Officer. Because Plaintiff was under the supervision of medical personnel during the entire relevant time period, his allegations do not support a claim for the denial of adequate medical care against any of the non-medical Defendants. *See* Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993) (warden and commissioner cannot be considered deliberately indifferent by failing to directly respond to a medical complaint by a prisoner who was receiving treatment by the prison doctors).[1]  In addition, the nurse Defendants Brunson and Ellsworth do not have authority to order medical treatment for Plaintiff's Hepatitis C condition. Consequently, the Commonwealth

---

1.  Moreover, Plaintiff cannot allege personal involvement by any defendant merely by virtue of his or her involvement in reviewing inmate grievances. It is well settled that the filing of a grievance is not sufficient to show the actual knowledge necessary for personal involvement. Rode, 845 F.2d at 1208.; Croom v. Wagner, 2006 WL 2619794, *4 (E. D. Pa. Sept. 11, 2006) (holding that neither the filing of a grievance nor an appeal of a grievance is sufficient to impose knowledge of any wrongdoing); Ramos v. Pennsylvania Dept. of Corrections, 2006 WL 2129148, *2 (M. D. Pa. July 27, 2006) (holding that the review and denial of the grievances and subsequent administrative appeal does not establish personal involvement).

Defendants' Motion to Dismiss should be granted as to Defendants Wilson, Scire, Brunson, Burks and Ellsworth should be granted.

That leaves Commonwealth Defendants Maue, Delie and Tretinik. Plaintiff alleges that Defendant Tretinik was the health care administrator at the relevant time period. Health care administrators do not prescribe medications or make decisions regarding the course of treatment prescribed to inmates. As such, courts generally have found that prison health care administrators do not act with "deliberate indifference" when the prisoner plaintiff is receiving treatment from the prison doctor. *See, e.g.* Hemingway v. Falor, 2006 WL 2786866, *4 (3d Cir. Sept. 28, 2006); Miller v. Hoffman, 1999 WL 415397, *11 (E.D. Pa. June 22, 1999) (collecting cases). Notwithstanding, health care administrators are not immune from liability. Where the facts indicate personal involvement in an inmate's allegedly deficient medical treatment, courts have refused to grant summary judgment in favor of the administrator. *See, e.g.*, Sappington v. Ulrich, 868 F. Supp. 194 (E.D. Tex. 1994); Kaminsky v. Rosenblum, 737 F. Supp. 1309 (S.D.N.Y. 1990).[2]

Plaintiff alleges that he was denied Interferon due to the cost. Deliberate indifference can be shown where prison authorities prevent an inmate from receiving a recommended treatment. *See* Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979). It is unclear from Plaintiff's allegations whether Defendants Maue, Tretinik or Delie had any ability or authority to influence the course of medical treatment he received. Thus, the Commonwealth Defendants' Motion to Dismiss should be denied at this juncture as to these Defendants.

---

2. *See also* Cooper v. Schriro, 189 F.3d 781, 783-784 (8th Cir. 1999) (prisoner's allegations that health care administrator refused him treatment after he filed medical service request regarding painful decayed and cracked teeth stated cause of action for deliberate indifference to serious medical need in violation of Eighth Amendment).

With respect to Dr. Herbick, Plaintiff alleges that he told him that he would not provide any treatment until he showed signs of cirrhosis. Plaintiff claims that this is too late for any treatment to be effective. Thus, Dr. Herbick's Motion to Dismiss should not be granted.

### D. Exhaustion of Administrative Remedies

Defendant Herbick seeks dismissal of Plaintiff's claim on the basis of his alleged failure to have exhausted h is available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). In this regard, through the PLRA, Congress amended 42 U.S.C. § 1997e(a) to prohibit prisoners from bringing an action with respect to prison conditions pursuant to 42 U.S.C. § 1983 or any other federal law, until such administrative remedies as are available are exhausted. Specifically, the act provides, in pertinent part, as follows.

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

In Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002), the Court of Appeals for the Third Circuit held that the issue of whether a prisoner had exhausted his administrative remedies is an affirmative defense that must be pleaded by the defendant. Consequently, the court concluded that such a defense normally was not appropriate in a motion to dismiss.[3]

---

3. In a footnote, the court of appeals explained that its decision did not mean that defendants could not raise the prisoner's failure to exhaust as the basis for a motion to dismiss in cases where the defense would present an "insuperable barrier to recovery by the plaintiff." *Id*., 2002 WL 499454 at *9, n.8 (citing Flight Sys., Inc. v. Elec. Data Sys. Corp., 112 F.3d 124, 127 (3d Cir. 1997).

Here, Plaintiff claims that final review of his grievance was being conducted by the BHCS but he never received any response from that department. Thus, he never received final review of his Complaint by DOC. Consequently, Defendant Herbick has not demonstrated that he is entitled to judgment as a matter of law based on Plaintiff's alleged failure to have exhausted his claim.

## III.        <u>CONCLUSION</u>

For the reasons set forth above, it is respectfully recommended that the Motion to Dismiss filed by Defendant Herbick (doc. no. 17) be denied. It is further recommended that the Motion to Dismiss filed by Commonwealth Defendants Wilson, Maue, Delie, Scire, Tretinik, Brunson, Ellsworth and Burks (doc. no. 18) be granted as to Defendants Wilson, Scire, Burks, Brunson and Ellsworth and denied as to Defendants Maue, Delie, and Tretinik.

In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

Dated:       November 23, 2007                      Lisa Pupo Lenihan
                                                    United States Magistrate Judge

cc:          The Honorable David S. Cercone
             United States District Judge

             Craig Henry, AP-7447

10

SCI Fayette
P.O. Box 9999
LaBelle, PA 15450-0999